UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PAUL WILSON**<br>**LA. DOC #187047** | **CIVIL ACTION NO. 3:16-CV-01305** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CALDWELL CORRECTIONAL CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

Pro se plaintiff Paul Wilson, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 13, 2016. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC); he is incarcerated at the Avoyelles Marksville Detention Center. Plaintiff sues the Caldwell Correctional Center seeking $60,000.00 compensation for an alleged food poisoning incident. This matter has bee referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

Plaintiff claims that on December 25, 2015, he and two hundred other inmates became sick after eating "expired meatballs." [Rec. Doc. 1, p. 3] He asserts that he experienced dizziness, headaches, stomachaches, diarrhea, cold chills and a weakened immune system and was not treated by the doctor, only the Nurse, who gave medication that did not relieve his pain. *Id.*

These exact claims were brought by plaintiff in an earlier suit, *Paul Wilson v. Caldwell Correctional Center, at al*, Civil Action No. 16-CV-00182, which was dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted on May 23, 2016. [Rec.

Doc. 12]

## *Law and Analysis*

Plaintiff's civil action is subject to dismissal as malicious. Title 28 U.S.C. §1915(a) enables an indigent litigant to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." See 28 U.S.C. §1915; see also *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986).

The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. *Green*, 788 F.2d at 1119.

If a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915(d) as malicious." *See Robinson v. Woodfork*, No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan*, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle*, 423 F.Supp. 690 (S.D.Tex.1976)).

In short, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive or malicious and dismissed under the authority of Section 1915(d). *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir.1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff").

Or, put another way, "[w]hen declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple-but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

As shown above, plaintiff once again seeks to litigate claims previously litigated in this Court. Plaintiff has clearly abused the privilege of litigating *in forma pauperis*; the instant civil action is clearly vexatious and malicious and dismissal is appropriate.

### *Conclusion, Order, and Recommendation*

Based on the foregoing, the order granting plaintiff permission to proceed *in forma pauperis* [Doc. 4] is **RESCINDED** and plaintiff is ordered to pay the full filing fee of $350.00 within fourteen (14) days of this order; in default thereof, **IT IS RECOMMENDED** that his civil action be **DISMISSED**; and, in the alternative,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint [Doc. 1] be **DISMISSED** and **DENIED** as malicious.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions**

accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, October 24, 2016.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**